NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2011
Decided April 18, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3842

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 324-20 |
| LEVELL HICKS, | |
| *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Levell Hicks was a "shift supervisor" overseeing crack cocaine sales for a notorious street gang that ran a drug-dealing operation out of the Square, a housing complex in Chicago. The conspiracy averaged $15,000 in drug sales per day and operated twenty-four hours a day, seven days a week. For about two years, suppliers provided cocaine, heroin, and marijuana to Square residents, who stored, packaged, and redistributed the drugs to shift supervisors like Hicks. These supervisors, who usually oversaw up to fifteen drug runners and dealers, then supplied street dealers with drugs to resell in shifts to customers in the Square.

Hicks pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and the district judge sentenced him to 292 months' imprisonment, the bottom of his 292-365 month guideline range. Hicks appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Hicks has not responded to counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

There is no indication in the record that Hicks wants his guilty plea set aside, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether Hicks could argue that the district court overstated his relevant conduct when it attributed to him 4.5 kilograms of crack cocaine. He wonders if he could argue that the district court should have attributed to him only 1.5 kilograms to account for the four to six months he was absent from the conspiracy while healing from a gunshot wound (unrelated to dealing drugs). Had Hicks been responsible for only 1.5 kilograms, his sentencing range would have lowered to 253 to 293 months' imprisonment. But the district judge found that Hicks was never absent from the conspiracy (during the time he was allegedly recuperating, Hicks was arrested for aggravated arson for breaking into an apartment in the Square and setting it afire). Even still, Hicks was responsible for drug quantities directly attributed to him as well as the amounts involved by coconspirators that were reasonably foreseeable. *See, e.g., United States v. Turner*, 604 F.3d 381, 385 (7th Cir. 2010). Hicks did not object to the statement in the presentence report that he knew that during the first year of the conspiracy, the drug ring was selling one kilogram of crack cocaine every month, and the next year he knew the conspiracy upped the ante to three kilograms per month. Because Hicks did not object to these facts, the district court was entitled to rely on them when it concluded that he was responsible for at least 4.5 kilograms of crack cocaine. *See* FED. R. CRIM. P. 32(i)(3)(A); *United States v. Isom*, No. 10-1085, 2011 WL 873309, at *4 (7th Cir. Mar. 14, 2011).

Counsel next questions whether Hicks could argue that the district court erred when it added three levels to his base offense level for his supervisory role in the drug scheme. *See* U.S.S.G. § 3B1.1(b). Counsel ponders whether Hicks could argue that because he lacked the ability to hire or fire his street dealers he was too low on the totem pole to warrant an adjustment under § 3B1.1(b). But so long as Hicks had both relative responsibility and control over other coconspirators, the adjustment was appropriate. *See, e.g., United States v. Vallar*, No. 07-3641, 2011 WL 488877, at *4 (7th Cir. Feb. 14, 2011). Here, the district judge found that Hicks recruited sellers of his drugs, determined whether certain street dealers would receive drugs (and if so how much), and received a larger share of the profits for his

role than the street dealers. We have upheld the application of the § 3B1.1(b) adjustment in similar circumstances. *See United States v. Curb*, 626 F.3d 921, 925-26 (7th Cir. 2010); *United States v. Doe*, 613 F.3d 681, 688 (7th Cir. 2010).

Last, counsel considers arguing that Hicks's prison sentence is unreasonably high. But Hicks's sentence is within the guidelines range and thus presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and Hicks's lawyer is unable to articulate any basis to upset that presumption. The district judge also acknowledged his discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to disagree with the guidelines' crack-to-powder ratio underlying Hicks's base offense level. Applying the factors in 18 U.S.C. § 3553(a), the court noted that Hicks matured while in prison and cooperated in the prosecution of the person who shot him, but nonetheless arrived at a 292-month sentence because Hicks sold drugs in his own community, possessed a gun despite being the victim of a shooting, and had prior arrests for possession of a controlled substance and aggravated arson. We thus agree with counsel that any challenge to the reasonableness of his sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.